CENTRAL HANOVER BANK & TRUST COMPANY AND CHAUNCEY FORD WARNER, CO-EXECUTORS, ESTATE OF HORACE H. WORK, DE-CEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 81027.   Promulgated July 1, 1936.

*Wm. Cogger, Esq.*, for the petitioners.
*Wilford H. Payne, Esq.*, and *P. A. Sebastian, Esq.*, for the respondent.

OPINION.

ARUNDELL: The aim of the statute dealing with the income of estates and trusts is to tax such income either in the hands of the fiduciary or the beneficiary. Secs. 161 and 162, Revenue Act of 1932. Under section 162 (b) the fiduciary takes a deduction for the amount of the trust income "which is to be distributed currently by the fiduciary to the beneficiaries", and such income is taxable to the beneficiaries. As to income of this sort "the scheme of the act is to treat the amount so distributable, not as the trust's income, but as the beneficiary's." *Freuler* v. *Helvering*, 291 U. S. 35. There seems to us no room for doubt that the income of the trusts here under consideration was of this kind. But this does not necessarily mean that all of the income collected by the trustee at any particular moment was currently distributable. In fact the trust instruments specifically provide for the discharge by the trustees of certain expenses.

The phrase "to be distributed currently" as used in the statute "presupposes a periodic duty of the trustee" to distribute as directed by the trust instrument. *Commissioner* v. *Stearns*, 65 Fed. (2d) 371. Where the trust instrument provides for payment of expenses, taxes, and other charges, it is not until after provision therefor is made by the trustee that he can determine the amount of income currently distributable. Not until then can it be known what amount the beneficiary has a right to receive. The test of taxability to the beneficiary is his "present right to receive" income. *Freuler* v. *Helvering, supra.* The question here thus narrows down to whether or not the beneficiary had, prior to his death, the present right to receive the trust income as and when collected by the trustees. As we read the trust instruments the trustees were required to make provision for the designated charges before distributing to the beneficiary. In the trust established by Alice C. Work the direction to the trustees is: " * * * after paying * * * all the necessary and proper charges and expenses * * * to apply the said net

rents, issues and profits to the use of the said Horace Hutchins Work * * *." In the Hutchins trust the trustees are directed "to apply the net income" of the trust to the use of the beneficiary, and are further authorized and empowered "to use so much of the income of the said trust as may be necessary to pay and discharge one-half of the expense of maintenance of my residence and estate at Madison, New Jersey, including all the cost, care, upkeep and taxes incidental thereto * * *." In *McCrory* v. *Commissioner*, 69 Fed. (2d) 688, where the trustee was directed to pay certain taxes and distribute the remainder annually, he set aside a sum to meet estimated taxes and then claimed that such amount was currently distributable and taxable to the beneficiaries. The Board and the Circuit Court held otherwise, the court saying:

> The right of the beneficiaries to a distribution does not depend on the will or discretion of the trustee, but on there being enough income to enable him to make a distribution. The right, however, is conditioned on his first setting aside a sufficient amount to discharge the burdens of the trust. But it is not necessary that they should have been discharged nor even precisely ascertained. The trustee cannot escape a distribution by refusing or neglecting to ascertain them. If they cannot be exactly estimated, his duty is plain to set aside what is reasonably sufficient to cover them and to distribute the balance.

The rule of the *McCrory* case applied here sanctions the act of the trustees in withholding from distribution, as they did, an amount sufficient to meet estimated charges against the trust. There is no showing that the amounts so withheld were unreasonable. Indeed, the evidence shows that taxes coming due shortly after the death of the decedent would absorb nearly all of the income received up to that date. Counsel for the respondent proposes that we look ahead from the date of death and see what additional income might be anticipated between that date and the tax-due dates. However, he does not couple this with any showing of certainty that any future income would be realized, and it is more in keeping with a trustee's duties to rely on income in hand than to speculate on the future. Having regard for the provisions of the trust instruments which directed and controlled the actions of the trustees, we think that, under the rule of the *Freuler* and *McCrory* cases, the beneficiary had no present right at or prior to his death to the income then in the hands of the trustees; hence, it was not currently distributable and was not income to him. Whether it was taxable as income to the trustees or subject to estate tax as corpus of decedent's estate is not before us for decision.

*Decision will be entered for petitioners.*